UNITED STATES DISTRCT COURT    **SUPPRESSED**
EASTERN DISTRCT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **4:26-CR-00094 ZMB/JMB** |
| | ) | |
| | ) | |
| ANTHONY SAPUTO, | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, unless otherwise specified below:

## COUNT 1
### (18 U.S.C. § 1029(a)(5): Illegal Transactions with an Access Device)

From on or about September 9, 2021 through on or about October 16, 2021, in the Eastern District of Missouri, the defendant,

## ANTHONY SAPUTO,

knowingly and with intent to defraud, effected transactions with an access device issued to another person, to wit, an American Express credit card ending in 1009 issued to M.B., during a one-year period to receive payment or any other thing of value the aggregate value of which was equal to or greater than $1,000, said conduct

affecting interstate and foreign commerce.

All in violation of 18 U.S.C. § 1029(a)(5).

## COUNT 2
### (18 U.S.C. § 1028A: Aggravated Identity Theft)

The Grand Jury further charges that on or about September 9, 2021, in the Eastern District of Missouri, the defendant,

## ANTHONY SAPUTO,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the Social Security Number issued to M.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, access device fraud in violation of 18 U.S.C. § 1029(a)(5), knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1029 set forth in Count 1 of this Indictment, the defendant, **ANTHONY SAPUTO,** shall forfeit to the United States of America –

    a. pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s);

b. pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. The property to be forfeited includes, but is not limited to: A forfeiture money judgment.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
Gwendolyn E. Carroll #4657003NY
Assistant United States Attorney